**INTRODUCTION**

The Supreme Court of Pennsylvania has adopted new Rules 182 and 1182. The Rules are effective October 1, 2016.

**EXPLANATORY REPORT**
**SEPTEMBER 2014**

These new rules were prompted by the Recommendation of the Interbranch Commission on Juvenile Justice (ICJJ). On page 46 of the ICJJ Report, the ICJJ recommended the need for "masters to be properly educated about the Juvenile Act, child development, and problems unique to the relationship between children and their families." Further, the ICJJ recommended that the Supreme Court develop mandatory continuing education standards for juvenile masters. *See* ICJJ Report at pg. 46.

In addition to the recommended educational requirements by the ICJJ for "delinquency" matters of juvenile court, the Committee believes educational requirements are just as important and necessary for "dependency" matters.

The purpose of these rule additions is to provide a minimum standard for education, experience, and training of masters. Judicial districts are encouraged to provide additional educational and training courses for its masters.

**Rules 182 and 1182 - Qualifications of Master**

These new rules govern the qualifications of masters. Prior to presiding over juvenile cases, these attorneys must be a member, in good standing, of the Bar of this Commonwealth, have been licensed to practice law for five consecutive years, and have completed the initial basic training course(s). This basic knowledge of juvenile law and experience as an attorney is essential before an attorney may be appointed as a master.

In addition, these attorneys should have experience in diverse cases. It would be beneficial if the attorney handled juvenile cases prior to becoming a master with experience with several different types of allegations and at different stages of the process, including detention or shelter-care hearings, adjudicatory hearings, transfer or permanency hearings, dispositional hearings, and dispositional review hearings.

After the initial training requirement has been met, attorneys are required to continue their legal education by attending a mandatory course(s) offered by the Juvenile Court Judges' Commission or the Office of Children and Families in the Courts. Because masters are judicial officers, this requirement is an additional requirement to the Pa.R.C.L.E. because it mandates education specifically in juvenile delinquency or dependency law; whereas the Pa.R.C.L.E. do not mandate specific training areas. *See* paragraph (B). Six hours of this specific education must be completed every two years.

However, these hours will count towards the twelve hours of continuing legal education mandated each year by Pa.R.C.L.E. 105.

Pursuant to paragraph (C), attorneys must attest that they have met the requirements of this rule prior to appointment as master to preside over juvenile matters. Every two years after the initial appointment as master, masters must submit a new affidavit attesting that they have met the continuing education requirements of paragraph (B).